**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| HENDRICK ERIC ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 4:06-cv-045-SEB-WGH |
| ) | |
| JOHN LIZENBY, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Motion for Summary Judgment**

  This is a civil rights action in which the plaintiff Hendrick Eric Ross ("Ross"), who was formerly confined in the Scott County Jail ("Jail"), alleges that his federally secured rights were violated when his legal and writing materials were confiscated by Jail authorities. The defendants seek resolution of these claims through the entry of summary judgment. The court has considered the pleadings and the defendants' unopposed motion for summary judgment, and finds that the motion for summary judgment must be **granted.** This conclusion is based on the following facts and circumstances:

  1.  The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Note to 1963 Amendment of **FED.R.CIV.P.** 56(e) (quoted in *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A court will grant summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting **FED.R.CIV.P.** 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). The court must "construe all facts in a light most favorable to . . . the party opposing summary judgment, and . . . draw all reasonable inferences in his favor." *McGreal v. Ostrov,* 368 F.3d 657, 672 (7th Cir. 2004) (citation omitted). "'In the light most favorable' simply means that summary judgment is not appropriate if the court must make 'a choice of inferences.'" *Draghi v. County of Cook,* 184 F.3d 689, 691 (7th Cir. 1999) (quoting *Smith v. Severn,* 129 F.3d 419, 425 (7th Cir. 1997)). However, the nonmoving party bears the burden of coming forward with specific facts from the record which show a genuine issue of material fact. *Morfin v. City of E. Chi.,* 349 F.3d 989, 997 (7th Cir. 2003) (citation omitted). "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)).

   2. Ross has not opposed the defendants' motion for summary judgment and the time prescribed for him to have done so has passed. Accordingly, the factual assertions on which the motion for summary judgment is based and which are properly supported by the evidentiary record, are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997); *see also Vermont Teddy Bear Co. v. 1-800 Beargram Co.,* 373 F.3d 241, 242 (2d Cir. 2004)("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.").

   3. Specifically, the defendants have shown without contradiction by Ross that–

- Ross was confined in the Jail in January 2006.

- In January 2006, one of the inmates in Ross' block was beaten by another inmate. After the fight, Ross assisted authorities in their investigation of the fight. In order to prevent retaliation against Ross for helping in the criminal investigation, Ross was moved into a different holding cell.

- At the same time that Ross was moved to a different cell, Scott County Chief Deputy Wayne Williams, one of the defendants in this case, confiscated the personal belongings of the inmates who were present in the cell where the fight occurred in order to preserve potential evidence.

- Ross' confiscated belongings included his pencils, pens, paper, envelopes, and legal papers.

- Ross borrowed a pen from another inmate and wrote to Chief Deputy Williams and also to Sheriff John Lizenby asking for his property. Ross also spoke to Sheriff Lizenby about his property. The Sheriff said that Ross would need to speak with Williams.

- After approximately eleven (11) days Ross' paper, envelopes, and legal materials were returned to him.

- Ross claims that because his materials were confiscated, he was not able to file a motion for bond reduction during those eleven (11) days.

- Ross does not recall that any of his court dates were delayed because of the change in cells or the temporary confiscation of his materials.

- Ross' motion for a bond reduction was filed and was later granted, however the new bond set by the court was still too high for Ross to pay and so Ross remained in jail.

- Ross has also complained that when he wanted to use the facility's computer to perform legal research, the computer was not operating properly. The computer is sometimes temporarily unavailable if the area where it is located was busy with attorneys meeting with clients or because an inmate damaged the computer. If that happens, the computer might be unavailable for 2-3 days or if the entire system had to be replaced it might be unavailable for up to a week.

4.  Ross' claim is asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 112 S. Ct. 1827, 1830 (1992). Subject matter jurisdiction over the claim is conferred by 28 U.S.C. § 1331.

5.  "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

6.  Contrary to at least a portion of the defendants' argument in support of their motion for summary judgment, this case is not about the deprivation of property. This case is about Ross' claim of denial of access to the courts because of the temporary confiscation of certain items of his personal property and because of the occasional interruption of his access to online legal research. Ross seeks to vindicate his right of access to the courts. This right "is the most fundamental right he or she holds. 'All other rights of an inmate are illusory without it, being entirely dependent for their existence on the whim or caprice of the prison warden.'" *DeMallory v. Cullen,* 855 F.2d 442, 446 (7th Cir. 1988) (quoting *Adams v. Carlson,* 488 F.2d 619, 630 (7th Cir. 1973)).

7.  In *Lewis v. Casey,* 116 S. Ct. 2174, 2180 (1996), the Supreme Court held that to satisfy the element of actual injury, which is necessary to establish the denial of access to the courts, an inmate must "demonstrate that the alleged [violation] . . . hindered his efforts to pursue a legal claim."

   a.  Ross represented himself in the criminal case associated with his pretrial confinement. This was his right, exercised pursuant to *Faretta v. California,* 422 U.S. 806 (1975).

3

    b.    In *Kane v. Espitia,* 546 U.S. 9 (2005) the Supreme Court noted that "[t]he federal appellate courts have split on whether *Faretta*, which establishes a Sixth Amendment right to self-representation, implies a right of the pro se defendant to have access to a law library." The Supreme Court continued by citing a decision from the Seventh Circuit, *United States ex rel. George v. Lane,* 718 F.2d 226, 231 (7th Cir. 1983), for the proposition that, by knowingly and intelligently waiving his right to counsel, a detainee also relinquishes any enhanced access to a law library. This principle, in fact, is quite solidly established in Circuit precedent. *See, e.g., United States v. Byrd,* 208 F.3d 592, 593 (7th Cir. 2000); *United States v. Moya-Gomez,* 860 F.2d 706, 743 (7th Cir. 1988); *United States ex rel. George v. Lane,* 718 F.2d 226, 227 (7th Cir. 1983).

    8.    Application of the foregoing to the circumstances of Ross' confinement and his claim of denial of access to the court compels two conclusions:

    a.    First, the brief period during which Ross was denied possession of and access to his writing and legal materials did not result in any detriment to his case. Assuming that it delayed the filing of his motion for bond reduction, there was no detriment to Ross, because that Ross was not released on bail even though that motion was eventually failed and was granted. The absence of detriment "is fatal . . . under any standard of sufficiency." *Martin v. Davies,* 917 F.2d 336, 340 (7th Cir. 1990) (giving as examples of prejudice "court dates missed" and "inability to make timely filings"); *see also Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003) (same).

    b.    As to the interruption in access to the computer in the Jail, Ross cannot vindicate a non-existent right. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992)(without a predicate constitutional violation, one cannot make out a *prima facie* case under § 1983). "[W]hen a defendant (pretrial detainee) is offered the assistance of appointed counsel and refuses the same, no constitutional right exists mandating that the prisoner in the alternative be provided access to a law library should he choose to refuse the services of court-appointed counsel." *United States ex rel. George v. Lane,* 718 F.2d 226, 227 (7th Cir. 1983).

    9.    "If the plaintiff lacks enough evidence, summary judgment must be granted." *Jones v. Johnson,* 26 F.3d 727, 728 (7th Cir. 1994), *judgment aff'd, Johnson v. Jones,* 515 U.S. 304 (1995). That is precisely the situation with respect to the present case, and the defendants' motion for summary judgment must therefore be **granted**. Judgment consistent with this Entry shall now issue. The costs of this action are assessed against the plaintiff.

    **IT IS SO ORDERED**.

Date: 08/22/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana